IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Sandra J. Hamilton, | ) | C/A No. 3:07-3404-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER ON SUMMARY JUDGMENT** |
| v. | ) | |
| | ) | |
| Alston Wilkes Society, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation in accordance with 28 U.S.C. § 636(b)(1)(A) and (B) (West 2006) and Local Rule 73.02(B)(2)(g) (D.S.C.). As the jurisprudence in this district outlines:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

This is an employment discrimination case in which plaintiff Sandra J. Hamilton ("Hamilton") alleges that her former employer, defendant Alston Wilkes Society ("Alston

Wilkes"), fired her because she was disabled.  The magistrate's report and recommendation deals with a motion for summary judgment filed by Alston Wilkes, see [dkt. # 35], in which Alston Wilkes argued that Hamilton did not have a disability and could not make a *prima facie* case of discrimination.  The magistrate recommended that Alston Wilkes' motion be granted, and for the reasons that follow, the court agrees.

Alston Wilkes is a non-profit organization that assists persons who have been convicted of a crime with the transition from incarceration back into society.  One of the services Alston Wilkes provides is assistance to former inmates searching for employment. This leads to Hamilton's involvement with Alston Wilkes.  In 2005, she applied with Alston Wilkes for the position of "Employment Services Coordinator."  Alston Wilkes hired Hamilton shortly thereafter.

During the hiring process, Hamilton informed Alston Wilkes that she has Multiple Sclerosis.  Hamilton alleges that her condition does not inhibit her activities in any way so long as she is not exposed to extreme heat.

The scope of services Alston Wilkes provides is governed in large part by Alston Wilkes' contract with the Federal Bureau of Prisons ("BOP").  That contract, titled a "Statement of Work," has a great deal to say about the staff positions required at a facility contracting with the BOP and the duties of those staff positions.  BOP conducted a random audit of Alston Wilkes shortly after Hamilton's employment began, and BOP thereafter informed Alston Wilkes of some deficiencies in Alston Wilkes' compliance with

2

requirements relating to employment services. Specifically, BOP informed that Alston Wilkes was not conducting person-to-person contact with former inmates who were under in-home confinement as required by the Statement of Work. Such visits were Hamilton's responsibility. Hamilton contended that she did not know, prior to the audit, that the responsibility for these visits were hers, and this does not appear to be disputed. Hamilton then had what she refers to as a "flare-up" of her Multiple Sclerosis which caused her to be absent from work for nine days in September of 2005 and to have to leave work after only a couple of hours on another day. A representative from Alston Wilkes phoned Hamilton shortly thereafter and informed her that Alston Wilkes was terminating her employment.

Hamilton filed a charge of discrimination with the South Carolina Human Affairs Commission and with the Equal Employment Opportunity Commission, and after both agencies declined to pursue the charge, Hamilton initiated this lawsuit. Alston Wilkes thereafter filed a motion for summary judgment in which it advanced three bases entitling it to judgment as a matter of law. First, Alston Wilkes argued that Hamilton is not disabled within the meaning of the Americans with Disabilities Act. This argument rests on the fact (a) that although Hamilton's diagnosis of her Multiple Sclerosis is permanent, the negative effects of Hamilton's condition is only temporary; (b) that Hamilton is not limited in any major life activity; and (c) that Hamilton has not shown an inability to work a broad class of jobs. Second, Alston Wilkes argued that Hamilton could not establish a *prima facie* case of discrimination. This argument relies on the fact that Hamilton could not perform the

essential functions of her job, that she was not performing her job at the level of Alston Wilkes' expectations, and that Hamilton's termination did not raise a reasonable inference of discrimination. Third, Alston Wilkes argued that Hamilton was terminated for her failure to perform the duties related to her work — a legitimate, non-discriminatory reason.

In his report and recommendation, the magistrate agreed with each of these arguments and found that each argument independently entitled Alston Wilkes to summary judgment. See [dkt. # 52]. Hamilton filed objections to the magistrate's report and recommendation, see [dkt. # 54], and those objections all go along the line of arguing that Alston Wilkes knew what it was getting when it hired Hamilton. Hamilton specifically argues that there is a dispute regarding the depth in which she and the Alston Wilkes interviewer discussed her medical condition in her job interview; that the handwriting indicating "N/A" by the medical accommodations section of Hamilton's application is not hers; that Hamilton does not recall receiving the job orientation sheet spelling out the essential duties of the position for which she was hired; and that Alston Wilkes should perhaps not have hired Hamilton given her limitations and the needs of the employment services position. None of these arguments are persuasive.

There is no material dispute about the requirements of the employment services position at Alston Wilkes. Alston Wilkes' contract with the BOP spells them out and those requirements are echoed in the audit report furnished to Alston Wilkes by the BOP. The fact that both Hamilton and Alston Wilkes may have misunderstood the requirements of the BOP

4

contract does not mean those requirements do not govern the job Hamilton held.  Hamilton acknowledged having received, read, and understood her job description.  That she may have genuinely misunderstood part of it for a time is irrelevant.

Similarly, Hamilton's arguments about not recalling having marked "N/A" for accommodations required, about previous allowances Alston Wilkes made for Hamilton's condition, and about whether Hamilton should have even been hired are not persuasive.  As Hamilton points out, an employer need not reallocate the essential functions of a job.  Part of the essential function of the job Hamilton held was to regularly travel to interact with individuals in their homes and workplaces, and Hamilton has presented evidence that she cannot perform these duties during the hot summer months.  Indeed, Hamilton has testified that during certain hot weather, she cannot go from her vehicle to her office or walk from her office to her vehicle.  See [dkt. 43-3, p.90].  Alston Wilkes and the BOP cannot be required to so change the nature of the employment services coordinator position that for the hot months of the year, Hamilton's travel duties must be handled exclusively by other employees.

With these limited additions, the report and recommendation of the magistrate judge is incorporated herein by reference and adopted as the order of this court.  The objections are overruled, and the pending motion for summary judgment is granted.

IT IS SO ORDERED.

March 20, 2009                                Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

5